IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KIRK DOUGLAS
McGHEE,

                **Plaintiff,**

        v.                           CASE NO. 13-3039-SAC

TAMMY KEFIER,
et al.,

                **Defendants.**

## MEMORANDUM AND ORDER

This pro se civil complaint was filed pursuant to 42 U.S.C. § 1983 by an inmate of the Wyandotte County Detention Center, Kansas City, Kansas (WCDC). Plaintiff names as defendants Tammy Kefier employed as Supervisor for CCS (Correct Care Solutions, Inc.) at the WCDC and Dr. Chris Warholic employed as doctor for CCS at the WCDC. Mr. McGhee claims he is being denied treatment for hepatitis C (hepC) and seeks injunctive relief or money damages. The court finds that plaintiff fails to allege sufficient facts to state a plausible claim of an unconstitutional denial of necessary medical treatment. Plaintiff is given time to allege additional facts to cure the deficiencies in his complaint.

## MOTION FOR LEAVE TO PROCEED WITHOUT FEES

The fee for filing a civil rights complaint in federal court is $350.00. Plaintiff has filed a Motion for Leave to Proceed

1

without Prepayment of Fees. The financial information provided by plaintiff in support of this motion indicates that he currently does not have funds available to pay the full fee or an initial partial fee. Plaintiff is reminded that he remains obligated to pay the full amount of the fee in this civil action, and payments are to be collected from his inmate trust fund account when funds become available as authorized by 28 U.S.C. § 1915(b)(2).

**ALLEGATIONS & CLAIMS**

As the factual background for this case, plaintiff alleges that he has hepC, that there is now a "cure" that takes 8 months to a year, that he asked to be treated with this cure, but defendant Kefier refused his request. Plaintiff also claims that he is being denied the chronic care and high protein diet offered to him "by other doctors and institutions." In addition, he claims that he was being treated for bleeding ulcers and a "high acid level," but his "stomach medication" and treatment have been cut off since he has pursued his civil rights. He further alleges that written communication or sick calls he has sent are not answered, and that verbal communication with "the different nurses" is answered with silence or "I don't know."

The form complaint utilized by plaintiff requires him to state his request for relief. Mr. McGhee seeks treatment of his hepC with medicine "proven to work," chronic care that every institution

2

provides for hepC patients, a high protein diet, and his stomach medication. In the alternative, he seeks the payment of a $10,000 fine to him.

**SCREENING**

Because Mr. McGhee is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

**STANDARDS**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). However, the complaint must offer "more

3

than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). To avoid dismissal, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. There must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

With respect to plaintiff's claim of denial of medical treatment in particular, the Eighth Amendment provides prisoners the right to be free from cruel and unusual punishment. The United States Supreme Court has held that an inmate advancing a claim of cruel and unusual punishment based on inadequate provision of medical care must

4

establish "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Boyett v. County of Washington*, 282 Fed.Appx. 667, 672 (10th Cir. 2008)(unpublished)[1] (citing *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005)). To make out a constitutional deprivation under the deliberate indifference standard, a plaintiff must prove two elements: (1) objectively, the inmate's medical needs were "sufficiently serious," and (2) subjectively, the prison official acted with a "sufficiently culpable state of mind." *Self v. Crum*, 439 F.3d 1227, 1230-31 (10th Cir. 2006); *see also Mata*, 427 F.3d at 751; *Miller v. Glanz*, 948 F.2d 1562, 1569 (10th Cir. 1991); *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005). In the objective analysis, the inmate must show the presence of a "serious medical need," that is, "a serious illness or injury." *Estelle*, 429 U.S. at 104, 105; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Martinez*, 430 F.3d at 1304. A medical need is sufficiently serious if it "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)(quoting *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999)). A prison official has a sufficiently culpable state of mind if the official "knows of and disregards an excessive risk to inmate health or safety."

---

[1] Unpublished cases are cited herein for persuasive reasoning and not as controlling authority.

5

*Farmer*, 511 U.S. at 837; *see also Estelle*, 429 U.S. at 106; *Martinez*, 430 F.3d at 1304 (citing *Sealock*, 218 F.3d at 1209). In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Martinez,* 430 F.3d at 1305 (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996)); *Self*, 439 F.3d at 1231 (quoting *Farmer*, 511 U.S. at 837).

An inadvertent failure to provide adequate medical care "fail[s] to establish the requisite culpable state of mind." *Estelle*, 429 U.S. at 106; *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Likewise, negligent treatment does not constitute a medical wrong under the Eighth Amendment. *Bruner-McMahon v. Hinshaw*, 846 F.Supp.2d 1177, 1211 (D.Kan. 2012). As the United States Supreme Court has explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medial mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.

*Estelle*, 429 U.S. at 105-106 (footnote omitted).

Furthermore, a mere difference of opinion between the inmate and prison or jail medical personnel regarding reasonable treatment does not constitute cruel and unusual punishment. *See Estelle*, 429

6

U.S. at 106-07; *Handy v. Price*, 996 F.2d 1064, 1067 (10th Cir. 1993)(affirming that a quarrel between a prison inmate and the doctor as to the appropriate treatment for hepatitis did not successfully raise an Eighth Amendment claim); *Ledoux v. Davies*, 961 F.2d 1536 (10th Cir. 1992); *El'Amin v. Pearce*, 750 F.2d 829, 833 (10th Cir. 1984)(A mere difference of opinion over the adequacy of medical treatment received cannot provide the basis for an Eighth Amendment claim.); *Oxendine v. Kaplan*, 241 F.3d 1272, 1277 n. 7 (10th Cir. 2001). The prisoner's right is to medical care-not to the type or scope of medical care he personally desires.

Finally, "[d]elay in [providing] medical care only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial harm." *Sealock*, 218 F.3d at 1210. The Tenth Circuit has held that the "substantial harm requirement may be satisfied by lifelong handicap, permanent loss, or considerable pain." *Garrett v. Stratman*, 254 F.3d 949, 950 (10th Cir. 2001).

**DISCUSSION**

Mr. McGhee was convicted of theft and was sentenced on September 19, 2012, in Wyandotte County District Court in Case No. 2011cr1252. During his confinement at the WCDC, he asked for certain hepC treatment that he believed would cure his condition. His exhibit shows that on January 2, 2012, he also asked for a "Heart Healthy

7

Diet." His exhibit also shows that his request for hepC treatment was denied for the following reasons: "unless you are currently on tx when coming to facility treatment will not be started because of turn around time and length of time with disease." Mr. McGhee disagrees with this reasoning and alleges in his complaint that he'll be incarcerated for more than a year. However, he does not reveal the length of his sentence and the date of its imposition, whether or not he received credit for pre-trial confinement, or facts showing he will not be transferred to a different facility. Nor does he provide his projected release date or even the date on which he requested hepC treatment.

In *Troutt v. Correctional Healthcare Management*, 248 Fed.Appx. 910, 913-14 (10th Cir. 2007)(unpublished), the Tenth Circuit found that a state prisoner who had hepC failed to establish negligence, let alone deliberate indifference to his medical condition based on the following:

> Mr. Troutt was awaiting trial. Because he may have been acquitted, there could have been no assurance that he would be confined sufficiently long even to determine his suitability for drug therapy, much less provide such therapy. After his conviction a lengthy confinement could be predicted; but he would need to be transferred to a facility prepared to provide proper treatment. . . . Mr. Troutt has provided no evidence that it was unconscionable to delay further evaluation until he left OCDC. On the contrary, his own evidence, a report prepared by the Hepatitis C Support Project, states that "hepatitis C takes a long time to damage the liver[,] . . . many people will never get sick from hepatitis C," and "not everyone with hepatitis C needs to be treated with HCV medicines."

8

*Id.; see also Bartlett v. Correctional Med. Servs., Inc.*, 124 F.3d 216 (10th Cir. Sept. 16, 1997)(Table)(Plaintiff's complaint about defendants' failure to treat his hepatitis C with Interferon Alpha is a quarrel between [plaintiff] and doctors regarding the appropriate handling of his medical condition, and a difference of opinion over medical treatment does not state an Eighth Amendment claim of deliberate indifference."); *Handy v. Price*, 996 F.2d 1064, 1067-68 (10th Cir. 1993)(Quarrel with the doctor as to treatment for hepatitis does not raise a constitutional issue.); *McKenna v. Wright*, 2002 WL 338375 (S.D.N.Y. Mar. 4, 2002)(and cases cited therein) ("[W]hile Plaintiff may have engaged in his own medical research and determined for himself that a different course of treatment would be appropriate and that defendants' treatment decision with respect to his Hepatitis C is therefore incorrect, these allegations do not rise to the level of Eighth Amendment violations."); *Christy v. Robinson*, 216 F.Supp.2d 398 (D.N.J. 2002)(No deliberate indifference by defendants' denial of inmate's request for treatment of his hepatitis C with interferon/ribavirin combination therapy as the "Constitution does not guarantee that every prisoner will receive every type of treatment he desires."). It is not cruel and unusual punishment for an inmate serving a limited amount of time at a county jail to be denied a lengthy treatment for Hepatitis C, particularly when he does not allege that the treatment he seeks has been

9

prescribed for him by a doctor. *Troutt v. Correctional Healthcare Management,* 2006 WL 2372987 (W.D.Okla. 2006) *aff'd,* 248 Fed.Appx. 910 (10th Cir. 2007)(Inmate's constitutional rights were not violated by treatment protocol for chronic Hepatitis C infection that was available only at limited institutions and involved an eight-step process of evaluation, treatment, and follow-up, and provided that for an inmate to be a suitable candidate for drug-therapy treatment involving Ribavirin and Interferon, the inmate should have at least two years of incarceration remaining.).

Plaintiff does not allege facts indicating that defendant Kefier's decision[2] to deny the particular hepC treatment he requested amounted to deliberate indifference or otherwise violated his federal constitutional rights. He was not receiving the hepC treatment prior to his confinement in the WCDC, and has not provided the jail with a doctor's prescription for this particular treatment. Plaintiff also fails to allege facts showing that in making this decision defendant Kefier knew of and disregarded "an excessive risk" to plaintiff's health or safety. He alleges no facts showing that the particular treatment he desires is patently medically necessary for his symptoms and under his current circumstances.[3] In fact, in

---

[2] The exhibit provided by plaintiff as defendant Keifer's "statement" is an "Inmate Communication Form" (ICF) that was not dated by him or the responding official. The single name on the "Deputy's Signature and Rank" line appears to be Ruffi rather than Kiefer. Thus, it is not even clear that defendant Kefier made the decision of which plaintiff complains.

[3] The following explanation regarding hepC in the preamble to the Oklahoma DOC protocol for treatment that is quoted in *Troutt* is instructive here:
10

an "Admendmet (sic)" filed by plaintiff, he alleges that he already has cirrhosis of the liver.[4] Thus, reason given of "length of time with disease" may have been another rational basis for denying the allegedly curative treatment. Furthermore, plaintiff does not allege that substantial injury will result from treatment being delayed.

In sum, the court accepts as true that Mr. McGhee has serious, chronic medical conditions including hepC and bleeding ulcers. He asks the court to order defendants to provide treatment that he

---

> [H]ow to predict the outcome of chronic Hepatitis C infection in an individual case [is not clear]. Most studies show that at least 80% of persons with chronic Hepatitis C infection will have a mild course without the development of cirrhosis or death from their infection. The remaining 20% will develop cirrhosis; some mild, some severe. A small percentage of those who develop cirrhosis will develop liver cancer. It is this small percentage of persons with severe cirrhosis and cancer who are most likely to benefit from interventions to reduce their risk. Unfortunately there are no clear predictors of who is most likely to benefit from current treatments.
>
> Currently available medication treatments for Hepatitis C infection are fraught with complications. Side effects can be incapacitating, and even fatal. In particular, persons with certain medical and mental health conditions are at high risk for fatal complications of the medications. For these reasons, [DOC] strives to select those people most likely to benefit from the medications and to prevent harm to those most likely to be harmed by the medications.

*Troutt*, 248 Fed.Appx. at 913.

4  This document filed by plaintiff is not a proper Amended Complaint, and has been docketed as a Supplement instead. In order to add claims or significant fact allegations, the plaintiff must submit a complete Amended Complaint. *See* Fed.R.Civ.P. Rule 15. An Amended Complaint is not simply an addendum to the original complaint, but completely supersedes it. Therefore, the Amended Complaint must name all parties and contain all claims the plaintiff intends to pursue in the action, including any raised in the original complaint that are to be retained. Any claims not included in the Amended Complaint are no longer before the court. If Mr. McGhee files an Amended Complaint, he must write the number of this case (13-3039) at the top of the first page of his Amended Complaint, and it must be submitted upon court-approved forms. Plaintiff's second Supplement (Doc. 4) adds nothing to the complaint.

believes is medically necessary but that Kiefer has refused to provide. The factual, as opposed to the conclusory, allegations in the complaint are simply insufficient to show that the treatments plaintiff has requested are medically necessary under the circumstances, or that the decision to deny these treatments evinces a culpable state of mind of deliberate indifference on the part of either defendant.

Plaintiff's allegation that his treatment for other conditions and his stomach medication were stopped in retaliation for his pursuing his rights is completely conclusory. He does not allege facts showing that "but for" a retaliatory motive on the part of either defendant, any particular treatment or his stomach medication would not have been discontinued. On the other hand, he provides an exhibit showing that he is receiving several medications, which calls into doubt his claim that treatment is being withheld in retaliation.

Plaintiff's claim that defendants have discriminated against him by denying the treatments he has requested is also conclusory. He generally states that seven other institutions, mostly state, provide treatment to inmates with hepC, and that defendant Kefier is either denying certain treatments to all inmates or singling him out. However, he does not name other inmates and allege facts showing that they are "similarly situated" to him and being treated differently, as he must in order to state a claim of unconstitutional

12

discrimination.

Plaintiff's allegation that his medical requests have not been responded to is also conclusory and is refuted by his own exhibit of the response to his request for hepC treatment and a heart diet. It is also refuted by his own allegations that he was given reasons for denying his requests. In response to the question on his form complaint asking him to explain how he sought relief from administrative officials, plaintiff mentions only the written ICF to Kefier, and states that he got no answer from "sinck (sic) calls verbaly (sic) with nurses that come to the pod." He does not provide a copy of or adequately describe any other written grievance submitted by him to either defendant or other administrative official that was not answered.

Plaintiff utterly fails to state a claim against defendant Dr. Warholic because he does not describe any act or omission, unconstitutional or otherwise, by this defendant. Thus, plaintiff has failed to show the essential element of personal participation in his claim against Dr. Warholic.

Mr. McGhee is given thirty (30) days in which to allege additional facts to cure the deficiencies in his complaint discussed herein. If he fails to allege additional facts that are sufficient within the prescribed time, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Leave to

Proceed without Prepayment of Fees (Doc. 2) is granted. Plaintiff is hereby assessed the full filing fee of $350.00, and the Finance Office of the Facility where plaintiff is currently incarcerated is directed to collect from plaintiff's inmate account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until plaintiff's outstanding filing fee obligation(s) are paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

**IT IS FURTHER ORDERED** that plaintiff is given thirty (30) days in which to allege additional facts showing a federal constitutional violation or to otherwise show cause why this action should not be dismissed for failure to allege sufficient facts to support a constitutional claim.

**IT IS SO ORDERED.**

Dated this 24th day of April, 2013, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge